**In re Robert J. BEAN, Debtor.**

**Germain, Inc. d/b/a Lincoln Mercury of Naples and Germain Motor Company, Inc., Plaintiff,**

**v.**

**Robert J. Bean, Defendant.**

**Bankruptcy No. 99–01085–9P7.
Adversary No. 00–782.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 19, 2002.

Edward R. Miller, Miller and Hollander, Naples, FL, for debtor.

Thomas S. Heidkamp, Ft. Myers, FL, Chapter 7 Trustee.

Louis Xamato, Louis X. Amato, P.A., Naples, FL, for plaintiff.

Richard J. Hollander, Miller & Hollander, Naples, FL, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND

### (Doc. No. 15)

ALEXANDER L. PASKAY, Bankruptcy Judge.

■ THIS CAUSE came on for hearing to consider Defendant's Motion to Alter or Amend, filed by Robert J. Bean (Debtor) on December 17, 2001. The Motion to Alter or Amend is addressed to this Court's Findings of Fact, Conclusions of Law, and Memorandum Opinion entered on December 10, 2001, in which this Court determined that the Debtor is liable for conversion, thus, its obligation to the plaintiff, Germain, Inc. d/b/a Lincoln Mercury of Naples and Germain Motor Company, Inc. (Germain), shall be excepted from the overall protection of bankruptcy discharge. In addition, this Court held that the Debtor's debt comes within the exception of discharge under 11 U.S.C. § 523(a)(4), embezzlement and excepted under 11 U.S.C. § 523(a)(6), the portion of the debt concerning the unaccountable proceeds of the vehicles sold by the Debtor, separate from the worthless check claim. Counsel for the Debtor urges that this record does not warrant the conclusion that the Debtor, individually, received any benefit from the sale of the automobiles.

■ This contention is without merit. It is self evident that a corporation is a legal entity and can only act through natural persons who are in charge of its affairs, which are usually the president of a corporation. While it is true that the officers and directors of a corporation are not liable for the debts of the corporation unless they guarantee the same, they cannot use the corporate shield to hide behind and escape immunity from tortious conduct facially conducted by the corporation but also obviously by the individual who is responsible for the actions, which is the basis of the charge under consideration.

■ This record leaves no doubt that the Debtor was the sole stockholder and officer in charge of the affairs of Paradise Motors, Inc. during the relevant time. This record more than justifies the drawing of the inference that he was responsible for converting the funds obtained from selling the vehicles of Germain. There is authority to support the proposition that indirect benefit to the director for tortious conduct in which the debtor participated was sufficient to prevent the debtor from receiving benefits that the Bankruptcy Code affords to honest persons. *In re Arm,* 87 F.3d 1046 (9th Cir.1996). It is well established that the courts will not permit a tortfeasor debtor to hoist the Bankruptcy Code for protection of the full consequences of its tortious conduct. *In re Bilzerian,* 100 F.3d 886 (11th Cir.1996).

Based on the foregoing, this Court is satisfied that the Motion to Alter or Amend is not well taken because the conclusions and findings as set forth in the Order were not an egregious misapplication of applicable law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to Alter or Amend be, and the same is hereby, denied.